JULIA JEAN DOBBINS, Plaintiff-Appellant v. SAM PAUL and wife, DOROTHY PAUL, Defendants-Appellees

No. 8322DC1172

(Filed 6 November 1984)

1. **Appeal and Error § 19— appeal as pauper—absence of affidavit of indigency and certificate of counsel—presumption**

   Although the record on appeal does not contain an affidavit of indigency or a certificate of counsel, it will be presumed that the trial court acted upon valid filings in its order allowing a civil pauper appeal. App. Rule 9(b)(1).

2. **Landlord and Tenant § 13— refund of security deposit—wrongful eviction—erroneous dismissal of husband as party**

   The trial court erred in dismissing the husband as a party defendant in an action seeking the refund of a security deposit on a leased house and damages for wrongful eviction and breach of the warranty of quiet enjoyment where the house was owned by the husband and wife as tenants by the entireties, the husband had the exclusive right to rental income when the lease was signed in 1981, and the husband actively took part in removing plaintiff from the house and was responsible for any repayments to her.

3. **Landlord and Tenant § 13— refund of security deposit**

   The trial court erred in directing a verdict for defendant lessors on plaintiff's claim for the refund of a security deposit under the Tenant Security Deposit Act, G.S. 42-50 to -56.

4. **Landlord and Tenant § 13— damages for constructive eviction**

   Plaintiff lessee's evidence showing a wrongful demand and notice to vacate the leased premises by the lessors followed by her immediate surrender of possession of the premises was sufficient to show a constructive eviction which supported her claim for damages under G.S. 42-25.9.

5. **Landlord and Tenant § 6.2— breach of covenant of quiet enjoyment**

   Plaintiff's lease carried with it an implied covenant that she would have the quiet and peaceable possession of the leased premises during the term of the lease, and her right to quiet enjoyment or possession was breached when she was constructively evicted by defendant lessors.

   Judge Arnold concurs in result.

APPEAL by plaintiff from *Martin, Lester P., Jr., Judge*. Judgment entered 19 May 1983 in IREDELL County District Court. Heard in the Court of Appeals 18 September 1984.

Plaintiff Julia Dobbins sought rental housing for herself and her family. She answered a newspaper advertisement placed by defendants Paul, who were remodelling one of their rental homes

and looking for a tenant for when they finished the work. In late September 1981, plaintiff visited the house and decided to rent it. Dealing with Mrs. Paul, plaintiff paid defendants a deposit of $150.00 on 1 October 1981, although advised that the house would not be ready for occupancy until about the 15th. On 23 October 1981, a Friday, plaintiff and Mrs. Paul signed a one-year lease agreement, which identified Mrs. Paul as the "Lessor" and plaintiff as the "Lessee," and plaintiff received a key to the house. The agreement provided for a deposit of $150.00 and monthly rental of $350.00. It made provision for repairs, notice, separate payment of utilities, and eviction for non-payment of rent. At the time the lease was signed, plaintiff paid defendants $67.64 for rent from Monday, 26 October, to the end of the month. Plaintiff arranged to move her furniture into the house over the weekend, 24 and 25 October, although Mrs. Paul indicated that she and her husband planned to finish up remodelling work during the weekend. The house would not be fully ready until Monday, 26 October.

Plaintiff and her family spent the weekend moving furniture into the house and arranging it. After plaintiff returned to her daughter's home to spend Sunday night, she received a call from Mrs. Paul. Mrs. Paul demanded that plaintiff remove her furniture from the house "first thing Monday morning." Plaintiff was angry and upset, but agreed to move out. The next morning, Monday, 26 October, Mr. Paul called plaintiff several times to repeat the demand. He stated that his wife was waiting at the house for plaintiff to come and remove her furniture. After trying unsuccessfully to obtain a truck, plaintiff and her family arrived at the house and took the furniture out. A light rain was falling, so they placed as much of the furniture as possible on the porch. Plaintiff demanded her money back, but Mrs. Paul refused, saying that that was up to her husband. Mr. Paul arrived, inspected and locked the house, and paid back the $67.64 in advance rent. He refused to refund the deposit. Plaintiff could not find a truck to rent with the money she had, nor could any of the community service agencies help her immediately. She could not remove her belongings until three days later, and consequently, numerous items were stolen or damaged by rain. Defendants eventually returned $75.00 of the $150.00 deposit, without any accounting for the remainder.

Plaintiff thereupon commenced this action, seeking an accounting and refund of the deposit, compensatory damages for wrongful eviction and breach of the warranty of quiet enjoyment, punitive damages, treble damages for unfair trade practices, and reasonable attorney fees. The case was tried before a jury. At the close of plaintiff's evidence, defendants moved for and obtained directed verdicts on all claims. Plaintiff appealed.

*Legal Aid Society of Northwest North Carolina, Inc., by Gwyneth B. Davis, for plaintiff.*

*No brief for defendants.*

WELLS, Judge.

[1] This is a civil pauper appeal. Plaintiff gave notice of appeal 27 May 1983, and the trial court did not enter its order allowing the appeal until 12 July 1983. We are aware that in the past such orders had to issue within ten days after notice of appeal, failing which the appellate division lacked jurisdiction to consider the appeal. N.C. Gen. Stat. § 1-288 (1968); *Powell v. Moore*, 204 N.C. 654, 169 S.E. 281 (1933). However, the General Assembly deleted the statutory provision in 1971, requiring only that the affidavit of indigency and certificate of counsel be submitted within the ten-day period. 1971 N.C. Sess. Laws, c. 268, s. 12; G.S. § 1-288. The record on appeal does not contain the affidavit and certificate; nor need it. Rule 9(b)(1) of the Rules of Appellate Procedure. Where the record is silent on a particular point, we will presume that the trial court acted correctly and regularly. *State v. Dew*, 240 N.C. 595, 83 S.E. 2d 482 (1954). Accordingly, we presume that the trial court relied upon valid filings and therefore hold that the appeal is properly before us.

The principal question presented by this appeal is the correctness of the directed verdicts for defendants. A directed verdict should not be allowed unless it appears as a matter of law that plaintiff cannot recover upon any view of the facts which the evidence reasonably tends to establish. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). Internal conflicts in the evidence are resolved in the plaintiff's favor. *Husketh v. Convenient Systems*, 295 N.C. 459, 245 S.E. 2d 507 (1978). If, taking plain-

tiff's evidence as true, reasonable minds could differ as to its import, the matter should go to the jury. *Id.*

[2]   Applying this standard, the trial court clearly erred in granting defendants' motion for directed verdict dismissing Sam Paul as a party defendant. Defendants admitted that the house was owned by the entireties. At the time the lease was signed in 1981, Mr. Paul accordingly enjoyed an exclusive right to rental income from the property. *Board of Architecture v. Lee*, 264 N.C. 602, 142 S.E. 2d 643 (1965).[1] He therefore was a real party in interest. N.C. Gen. Stat. § 1A-1, Rule 17 of the Rules of Civil Procedure (1983); *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E. 2d 206, *disc. rev. denied*, 293 N.C. 159, 236 S.E. 2d 704 (1977) (Rule 17 applies to defendants). Moreover, there was plenary evidence that Mr. Paul actively took part in removing plaintiff from the house and was in fact responsible for any repayments to her. Plaintiff more than satisfied her burden on this issue.

[3]   Likewise, the trial court clearly erred in granting defendants' motion for a directed verdict on the claim under the Tenant Security Deposit Act, N.C. Gen. Stat. § 42-50 to -56 (Supp. 1983). The trial court apparently accepted defendants' contention that the deposit was not a security deposit, but was simply to "hold the house." However, defendants unequivocally admitted in their answer that they did "accept a security deposit." This constituted a judicial admission conclusively establishing the fact. *Downey v. Downey*, 29 N.C. App. 375, 224 S.E. 2d 255, *disc. rev. denied*, 290 N.C. 550, 226 S.E. 2d 509 (1976); 2 Brandis, Brandis on N.C. Evidence § 177 (2d rev. ed. 1982). Defendants' conduct in retaining $75.00, allegedly to pay for exterminator work, would itself suffice to defeat directed verdict on this ground. *See* G.S. § 42-51 (purposes of deposit). The trial court's suggestion that the Deposit Act did not apply due to failure of notice within 30 days after the beginning of the lease term relates to the *landlord's* obligation to notify the tenant of the location of trust accounts or bond, G.S. § 42-50, and is entirely irrelevant to this case.

[4]   We turn now to the central issue, whether the trial court correctly granted directed verdicts on the wrongful eviction and

---

1. N.C. Gen. Stat. § 39-13.6 (Supp. 1983), which gave husband and wife equal right to rental income from entireties property, did not become effective until 1 January 1983. 1981 N.C. Sess. Laws (Reg. Sess. 1982) c. 1245, s. 2.

**Dobbins v. Paul**

breach of covenant claims. When a wrongful demand or notice to quit or vacate leased premises is made by a lessor, or landlord, and is followed by immediate surrender of possession by the lessee, or tenant, a constructive eviction has been accomplished. 52 C.J.S. *Landlord And Tenant* § 458 (1968). Under our Ejectment Of Residential Tenants Act (the Act), N.C. Gen. Stat. §§ 42-25.6,[2] -25.9 (1983 Cum. Supp.), defendants' exclusive remedy to regain possession of their house was by means of statutory summary ejectment proceedings pursuant to N.C. Gen. Stat. §§ 42-26 to -36.1 (1976). Plaintiff's evidence having shown that she was wrongfully evicted on Monday, 26 October after her lease was in effect, plaintiff's statutory remedy for damages under G.S. § 42-25.9(a)[3] attached. It is clear that the trial court erred in granting defendants' motion for a directed verdict on plaintiff's claim for relief under the Act.

In that the statute expressly disallows treble or punitive damages in such cases, it is clear that the trial court correctly allowed defendants' motion for a directed verdict as to plaintiff's claims for relief in which she alleged and sought such damages.

[5] It was also error for the trial court to dismiss plaintiff's claim for breach of her right of quiet enjoyment. In the absence of a provision to the contrary, plaintiff's lease carried with it an implied covenant that she would have the quiet and peaceable possession of the leased premises during the term of the lease. *See generally Produce Co. v. Currin,* 243 N.C. 131, 90 S.E. 2d 228 (1955); *see also Marshall v. Miller,* 47 N.C. App. 530, 268 S.E. 2d 97 (1980), *modified and affirmed,* 302 N.C. 539, 276 S.E. 2d 397 (1981). Plaintiff having been constructively evicted, it is clear her

2. § 42-25.6. *Manner of ejectment of residential tenants.* It is the public policy of the State of North Carolina, in order to maintain the public peace, that a residential tenant shall be evicted, dispossessed or otherwise constructively or actually removed from his dwelling unit only in accordance with the procedure prescribed in Article 3 of this Chapter.

3. § 42-25.9. *Remedies.* (a) If any lessor, landlord, or agent removes or attempts to remove a tenant from a dwelling unit in any manner contrary to this Article, the tenant shall be entitled to recover possession or to terminate his lease and the lessor, landlord or agent shall be liable to the tenant for damages caused by the tenant's removal or attempted removal. Damages in any action brought by a tenant under this Article shall be limited to actual damages as in an action for trespass or conversion and shall not include punitive damages, treble damages or damages for emotional distress.

right to quiet enjoyment or possession was breached. We are careful to point out, however, that even so, under explicit language of the Act, plaintiff can recover only her actual damages.

As to the trial court's order dismissing Sam Paul as a party defendant,

Reversed.

As to the trial court's granting defendants' motion for directed verdict on plaintiff's claim for relief under the Tenant Security Deposit Act,

New trial.

As to plaintiff's claims for relief for wrongful statutory eviction and for breach of her covenant of peaceful possession,

New trial.

In all other respects, the judgment of the trial court is

Affirmed.

Judge HILL concurs.

Judge ARNOLD concurs in result.