CAROLYN STANLEY AND RALPH ALLEN TRIVETTE v. JOHN MOORE AKA JOHN TYREE

No. 114PA94

(Filed 3 March 1995)

**Ejectment § 37 (NCI4th)— wrongful eviction—unfair practice—recovery of treble damages and attorney fees**

Where a landlord's conduct violates both the Ejectment of Residential Tenants Act and the Unfair and Deceptive Practices Act, the prohibition against punitive or treble damages in wrongful eviction actions contained in N.C.G.S. § 42-25.9(a) of the Ejectment of Residential Tenants Act does not preclude a recovery of treble damages and attorney's fees under the Unfair and Deceptive Practices Act. The provision of N.C.G.S. § 42-25.9(c) that the remedies created by the Ejectment of Residential Tenants Act are supplementary to all existing common law and statutory remedies preserves the rights of a tenant who is wrongfully

evicted to pursue alternative common law and statutory claims for relief, including claims for treble damages and attorney's fees under the Unfair and Deceptive Practices Act. The decision of *Dobbins v. Paul*, 71 N.C. App. 113, is expressly overruled to the extent that it is inconsistent with this opinion. N.C.G.S. §§ 75-16 and 75-16.1.

**Am Jur 2d, Landlord and Tenant § 1246; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735.**

**Scope and exemptions of state deceptive trade practice and consumer protection acts. 89 ALR3d 399.**

**Award of attorneys' fees in actions under state deceptive trade practice and consumer protection acts. 35 ALR4th 12.**

**Coverage of·leases under state consumer protection statutes. 89 ALR4th 854.**

Justice ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 113 N.C. App. 523, 439 S.E.2d 250 (1994), affirming a judgment and order, which, *inter alia*, denied plaintiffs' claims for treble damages and attorney's fees under the North Carolina Unfair and Deceptive Practices Act, heard by Jones (Jonathan), J., at the 9 September 1991 session of District Court, Caldwell County. Heard in the Supreme Court 15 February 1995.

*Catawba Valley Legal Services, Inc., by Andrew Cogdell, for plaintiff-appellants.*

*No brief filed for defendant-appellee.*

FRYE, Justice.

The sole issue presented on this appeal is whether the Court of Appeals erred in affirming the trial court's denial of plaintiffs' claims for treble damages and attorney's fees under Chapter 75 of the General Statutes of North Carolina (the Unfair and Deceptive Practices Act). Plaintiffs contend that the prohibition against punitive or treble damages in wrongful eviction actions contained in N.C.G.S. § 42-25.9(a) of the North Carolina Ejectment of Residential Tenants Act, Article 2A, Chapter 42 of the North Carolina General Statutes,

does not preclude them from recovering treble damages under N.C.G.S. § 75-16 and attorney's fees under N.C.G.S. § 75-16.1 of the Unfair and Deceptive Practices Act. We agree and, therefore, reverse the Court of Appeals on this issue.

The facts and circumstances surrounding this case are as follows: Sometime in July 1990, plaintiffs entered into an oral agreement with defendant's mother to lease a mobile home owned by defendant for $70.00 per week. Plaintiffs' household consisted of themselves and four minor children, including a four-month-old infant. At the time plaintiffs leased the mobile home, defendant was living out of state.

In mid-February 1991, defendant went to plaintiffs' home and demanded that they move immediately. Plaintiffs called the Sheriff's Department. Defendant was advised that summary ejectment procedures were necessary in order to regain possession of the property. That same day, defendant cut the water supply to the residence and removed the thermostat from the water heater.

The next day, defendant forced his way into the residence and demanded to know why plaintiffs had not moved. During this encounter, defendant forcibly removed the breaker box from the bedroom wall, leaving exposed live wiring. Although plaintiffs were able to restore electrical service to the residence that day, on or about 22 February, defendant went to the home and again removed the breaker box. Plaintiffs called the electric company to restore electrical service; however, while utility workers were in the process of restoring service, defendant returned to the residence and, using a hatchet, cut the underground electrical wiring leading to the home. Consequently, the utility company could not restore service due to the extensive damage done to the outside lines to the residence. Plaintiffs were left with no water or electricity and were forced to buy bottled water and other sources of heat. Over $200.00 worth of food was spoiled due to lack of refrigeration.

On 27 February 1991, plaintiffs filed a complaint in District Court, Caldwell County, alleging that defendant had trespassed on their leasehold property and subjected them to unlawful self-help eviction practices, in violation of the North Carolina Ejectment of Residential Tenants Act and the North Carolina Unfair and Deceptive Practices Act. Plaintiffs sought damages for the above claims from defendant, whom they alleged constructively evicted them from the mobile home they rented. On the same day, a temporary restraining order was issued ordering defendant to restore plaintiffs' utilities. On 13 March

STANLEY v. MOORE

[339 N.C. 717 (1995)]

1991, a preliminary injunction was issued; it also ordered defendant to restore the utilities.

Defendant failed to respond to the complaint, and on 4 April 1991, plaintiffs filed a motion for entry of default. On that same day, the trial court entered an order for contempt against defendant for his failure to comply with the court's previous orders of 27 February and 13 March 1991. As part of the contempt order, the trial court ordered defendant to pay to plaintiffs $820.00 in expenses and $1,000 in attorney's fees.

On 5 August 1991, plaintiffs filed a motion for judgment by default. A hearing was held on the issue of damages in District Court, Caldwell County, on 12 September 1991. The trial court found that plaintiffs had been damaged, pursuant to N.C.G.S. § 42-25.9, in the amount of $798.00 in actual damages. The court further awarded plaintiffs $1.00 in nominal damages and $100.00 in punitive damages on the trespass claim. In addition, the court entered a second order for contempt for defendant's failure to comply with the previous contempt order and ordered defendant to pay $798.00 to plaintiffs (or get set-off in a like amount) and to pay $1,000 in attorney's fees. The trial court denied plaintiffs' claim for relief pursuant to the Unfair and Deceptive Practices Act and their application for attorney's fees. Plaintiffs moved for reconsideration of the Unfair and Deceptive Practices Act determination and the denial of further attorney's fees; however, the trial court ruled that it would not reconsider either claim.

On plaintiffs' appeal, the Court of Appeals concluded that plaintiffs had clearly established a claim under the Unfair and Deceptive Practices Act. This conclusion is not challenged on this appeal. However, that court also affirmed the trial court's denial of treble damages and attorney's fees under the Act, concluding that its prior decision in *Dobbins v. Paul*, 71 N.C. App. 113, 321 S.E.2d 537 (1984), and N.C.G.S. § 42-25.9(a) precluded recovery of punitive or treble damages in actions for wrongful eviction. On 16 June 1994, this Court allowed plaintiffs' petition for discretionary review of that portion of the Court of Appeals' decision which denied plaintiffs' claims for treble damages and attorney's fees under the Unfair and Deceptive Practices Act.

In affirming the trial court's denial of plaintiffs' claims for treble damages and attorney's fees, the Court of Appeals relied upon binding precedent from that court. In *Dobbins v. Paul*, 71 N.C. App. 113,

STANLEY v. MOORE

[339 N.C. 717 (1995)]

321 S.E.2d 537, the plaintiff was wrongfully evicted by her landlords and filed a complaint seeking, *inter alia*, compensatory damages for wrongful eviction and breach of warranty of quiet enjoyment, punitive damages, treble damages for unfair trade practices, and reasonable attorney's fees. The Court of Appeals affirmed the trial court's grant of directed verdicts for the defendant landlords on the treble damages and punitive damages claims, stating:

> Plaintiff's evidence having shown that she was wrongfully evicted . . . after her lease was in effect, plaintiff's statutory remedy for damages under G.S. 42-25.9(a) attached. . . .
>
> In that the statute expressly disallows treble or punitive damages in such cases, it is clear that the trial court correctly allowed defendants' motion for a directed verdict as to . . . such damages.

*Id.* at 117, 321 S.E.2d at 541 (footnote omitted).

While constrained to follow the precedent of *Dobbins* in the present case, the Court of Appeals astutely recognized the danger in limiting tenants, such as plaintiffs, to recovering only their actual damages. Judge (now Justice) Orr wrote for the court:

> While we are bound by the rule which denies a tenant recovery of punitive or treble damages as a result of her constructive eviction due to the exclusivity of the remedies under N.C.G.S. § 42-25.9(a), we note that such a result would appear inappropriate when it is clear that in North Carolina a landlord may be held liable pursuant to G.S. § 75-1.1 *et seq.*, for merely failing to maintain a rental unit in fit condition. Common sense dictates that if a landlord must make necessary repairs to a rental unit in order to avoid liability for treble damages and attorney's fees under the Unfair Trade Practices Act, *see e.g., Allen [v. Simmons]*, 99 N.C. App. 636, 394 S.E.2d 478 [(1990)], and *Foy [v. Spinks]*, 105 N.C. App. 534, 414 S.E.2d 87 [(1992)], he should not be able to actively create an uninhabitable condition in the rental unit in order to force a tenant to leave, exposing himself only to actual damages incurred by the tenant under G.S. § 42-25.9(a). By engaging in intentionally tortious conduct, he could limit his liability, unless a plaintiff elects to forego the remedies of G.S. § 42-25, and brings suit specifically pursuant to Chapter 75.

*Stanley v. Moore*, 113 N.C. App. 523, 527, 439 S.E.2d 250, 252-53 (1994). We agree that it is inappropriate to limit a tenant's recovery to actual damages where a landlord's conduct violates both the Eject-

ment of Residential Tenants Act and the Unfair and Deceptive Practices Act and the tenant seeks recovery under both Acts.

N.C.G.S. § 42-25.9, which designates the remedies available to tenants under the Ejectment of Residential Tenants Act, provides, in pertinent part:

(a) If any lessor, landlord, or agent removes or attempts to remove a tenant from a dwelling unit in any manner contrary to this Article, the tenant shall be entitled to recover possession or to terminate his lease and the lessor, landlord or agent shall be liable to the tenant for damages caused by the tenant's removal or attempted removal. *Damages in any action brought by a tenant under this Article shall be limited to actual damages as in an action for trespass or conversion and shall not include punitive damages, treble damages or damages for emotional distress.*

. . . .

(c) The remedies created by this section are *supplementary to all existing common-law and statutory rights and remedies.*

N.C.G.S. § 42-25.9 (1994) (emphases added).

In deciding that treble damages under the Unfair and Deceptive Practices Act were unavailable in a wrongful eviction action, the Court of Appeals in *Dobbins* focused only on subsection (a) of N.C.G.S. § 42-25.9. However, the conclusion reached by the *Dobbins* court is expressly contradicted by the plain language of subsection (c) of the statute, which provides that the remedies provided under the Ejectment of Residential Tenants Act are supplementary to all existing common law and statutory remedies. We are convinced that the language of subsection (c) expressly preserves the rights of a tenant who is wrongfully evicted to pursue alternative common law and statutory claims for relief, including claims for treble damages and attorney's fees under the Unfair and Deceptive Practices Act, an Act which predated the enactment of the Ejectment of Residential Tenants Act. Accordingly, we must reverse the decision of the Court of Appeals on this issue. Furthermore, to the extent the Court of Appeals' decision in *Dobbins v. Paul*, 71 N.C. App. 113, 321 S.E.2d 537, is inconsistent with this opinion, it is expressly overruled.

Our interpretation of the statute is supported by the history of landlord/tenant law in this state. Prior to the enactment of the Ejectment of Residential Tenants Act, the common law prohibited forcible

reentry by a landlord but allowed a landlord to use peaceful means or to resort to the courts in order to regain possession of the leased premises. *See Spinks v. Taylor*, 303 N.C. 256, 278 S.E.2d 501 (1981) (narrowing the definition of peaceful self-help by holding that any entry against the tenant's will is a forcible entry). In 1977, the Court of Appeals held that a landlord's trespass upon the leased premises, eviction of the tenant without resort to judicial process, and conversion of the tenant's personal property constituted unfair or deceptive acts or practices in commerce within the meaning of N.C.G.S. § 75-1.1. *Love v. Pressley*, 34 N.C. App. 503, 517, 239 S.E.2d 574, 583 (1977), *cert. denied*, 294 N.C. 441, 241 S.E.2d 843 (1978).

In 1981, the legislature further expanded the protections afforded residential tenants by adopting the Ejectment of Residential Tenants Act, which prohibited all self-help evictions in residential tenancies and mandated judicial proceedings in every eviction. N.C.G.S. § 42-25.6 (1994) (providing that the summary ejectment procedures of Article 3, Chapter 42A are the proper vehicle for a tenant's eviction). It is clear that in enacting this statute, the legislature supplanted the common law as to peaceful self-help evictions and created the supplemental remedy of actual damages for such evictions because no such remedy existed at common law. Accordingly, in light of the legislature's intent to expand the protections afforded residential tenants, we conclude that, in adopting subsection (c) of N.C.G.S. § 42-25.9 as part of the Act, the legislature intended to specifically preserve "all existing common-law and statutory rights and remedies," including a tenant's right to pursue an unfair or deceptive practices claim.

Our interpretation of the statute is also consistent with prior decisions of this Court holding that violations of statutes designed to protect the consuming public and violations of established public policy may constitute unfair and deceptive practices. This Court has previously held that the violation of a statute designed to protect the consuming public may constitute an unfair and deceptive practice, even where the statute itself does not provide for a private right of action. *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 343 S.E.2d 174 (1986) (action based on violation of N.C.G.S. § 58-54.4 (now § 58-63-15), which regulated the insurance industry); *Winston Realty Co. v. G.H.G., Inc.*, 314 N.C. 90, 331 S.E.2d 677 (1985) (involving violation of N.C.G.S. § 95-47.6, which regulates private personnel services). We have also stated that a practice is unfair when it offends established public policy. *Marshall v. Miller*, 302 N.C. 539, 276 S.E.2d

397 (1981). The Ejectment of Residential Tenants Act undoubtedly is intended to protect the consuming public, specifically consumers of residential rental housing, and also provides for a private cause of action. Furthermore, the Act embodies the public policy of this state, as determined by the legislature, that residential tenants not be evicted through self-help measures without resort to judicial process. N.C.G.S. § 42-25.6 ("It is the public policy of the State of North Carolina, in order to maintain the public peace, that a residential tenant shall be evicted, . . . only in accordance with the procedure prescribed in Article 3 of this Chapter."). Accordingly, it is clear that conduct which violates the Ejectment of Residential Tenants Act may also constitute a violation of the Unfair and Deceptive Practices Act, thus giving rise to an award of treble damages and attorney's fees under that Act.

Furthermore, our conclusion is consistent with the general rule that a party may plead alternative theories of recovery based on the same conduct or transaction and then make an election of remedies. *See Smith v. Gulf Oil Corp.*, 239 N.C. 360, 79 S.E.2d 880 (1954) (stating that the purpose of an election of remedies is not to prevent recourse to any remedy, but to prevent a plaintiff from recovering inconsistent remedies or from receiving double redress of a single wrong); *Wilder v. Hodges*, 80 N.C. App. 333, 342 S.E.2d 57 (1986) (noting that when the same course of conduct supports claims for fraud and for an unfair and deceptive trade practice, recovery can be had on either claim, but not on both); *see also Ellis v. Northern Star*, 326 N.C. 219, 227-28, 388 S.E.2d 127, 132 ("Plaintiffs may in proper cases elect to recover either punitive damages under a common law claim or treble damages under N.C.G.S. § 75-16, but they may not recover both."), *reh'g denied*, 326 N.C. 488, 392 S.E.2d 89 (1990). *But see United Laboratories, Inc. v. Kuykendall*, 335 N.C. 183, 437 S.E.2d 374 (1993) (recovery of punitive damages under a common law claim and attorney's fees pursuant to an unfair practices claim not prohibited where recoveries serve different interests and are not based on the same conduct).

For the foregoing reasons, that portion of the Court of Appeals' decision that affirmed the trial court's denial of plaintiffs' claims for treble damages and attorney's fees under the Unfair and Deceptive Practices Act is reversed. Consequently, this case is remanded to that court for further remand to District Court, Caldwell County, for further proceedings not inconsistent with this decision.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.