IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1027

Filed 18 June 2024

Mecklenburg County, No. 20 CVD 16441

HENRY MYERS, Plaintiff,

v.

SANDRA BROOME-EDWARDS AND DONALD BLAIR, Defendants.

Appeal by defendants from orders entered 10 April 2023 and 28 April 2023 by Judge Jennifer L. Fleet in Mecklenburg County District Court. Heard in the Court of Appeals 2 April 2024.

*Legal Aid of North Carolina, Inc., by Thomas Holderness, Holly Oner, Justin Tucker, and Celia Pistolis, for plaintiff-appellee.*

*Wooden Bowers, PLLC, by Walter L. Bowers, Jr., for defendants-appellants.*

THOMPSON, Judge.

Defendants appeal from the trial court's order following a bench trial, finding that defendants had violated, *inter alia*, the North Carolina Unfair and Deceptive Practices Act by executing a self-help eviction against plaintiff. After careful review, we affirm.

## I. Factual Background and Procedural History

Defendants Sandra Broome-Edwards (defendant Broome-Edwards) and Donald Blair (defendant Blair), own and manage, respectively, the home that plaintiff resided in during the events in question. In 2020, defendant Broome-Edwards filed

several complaints for summary ejectment against plaintiff; each was dismissed. However, on 7 December 2020, after another one of plaintiff's complaints was dismissed with prejudice, defendant Broome-Edwards locked plaintiff out of the home and instructed defendant Blair to put plaintiff's belongings on the curb. At trial, plaintiff testified that he lost over $17,000 in personal belongings from the property that defendant Blair left out on the curb. The court found the value of the lost property to be $9,725.

The following day, plaintiff filed this action alleging that defendants had breached the implied covenant of quiet enjoyment, had wrongfully evicted plaintiff in violation of N.C. Gen. Stat. §§ 42-25.6 and 25.9(a), had violated N.C. Gen. Stat. § 75-1.1, the Unfair and Deceptive Practices Act (UDPA), and that plaintiff was entitled to a temporary restraining order and preliminary injunction "requiring [defendant Broome-Edwards] to return [plaintiff]'s belongings to [the home]; to provide [plaintiff] with all keys necessary to unlock the exterior doors . . . and the door to [plaintiff's] room; and to refrain from taking any action to remove [plaintiff] from the [p]remises or his room" until "a valid writ of possession has been issued."

On 9 December 2020, the court entered an order enjoining defendants "from prohibiting plaintiff from having access to" the home and ordering defendants to give plaintiff a key to the home "immediately[.]" When presented with the order of the court, defendant Broome-Edwards responded via text message that she did not "give a damn what the judge say[s]. This is my house, I can do whatever I want with it."

Defendants did not allow plaintiff back into the home. On 11 December 2020, plaintiff filed a motion for contempt alleging that defendants had "willfully failed and refused to abide by the terms of the [9 December 2020] Order in that [d]efendants ha[d] failed to restore [p]laintiff's access to the [p]remises." Plaintiff was homeless during the winter of 2020-2021.

On 6 January 2021, the court entered an order for defendants to appear and show cause, finding that there was probable cause that defendants were "in contempt for willfully violating the [t]emporary [r]estraining [o]rder issued by the [c]ourt on [9 December] 2020." Plaintiff was allowed back into the home in February 2021. Defendant Broome-Edwards testified that she allowed plaintiff back into the home to keep "from being in contempt of court and going to jail."

The matter went to arbitration in May 2021. On 4 June 2021, defendants appealed the arbitration award in favor of plaintiff to Mecklenburg County District Court. The matter was continued several times and ultimately came on for a bench trial on 13 March 2023 in Mecklenburg County District Court. By order entered 10 April 2023, the trial court concluded that defendants had "engaged in self-help tactics in violation of [N.C. Gen. Stat.] § 42-25.9[,]" had engaged "in actions [that] violated [N.C. Gen. Stat.] § 42-59.1[,]" had engaged "in actions [that] were done in commerce and in violation of the Unfair and Deceptive Practices Act, [N.C. Gen. Stat.] § 75-1.1[,]" and that plaintiff was entitled to an award of attorney's fees. From this order, defendants filed timely written notice of appeal on 9 May 2023.

## II. Discussion

Before this Court, defendants allege the following issues:

> I. Whether the trial court erred by failing to review all the facts associated with the claim of unfair and deceptive trade practices[?]
>
> II. Whether the trial court erred in finding that res judicata would not bar the present claims[?]
>
> [III]. Whether the trial court erred in entering judgment against [co-defendant] Blair[?]

We will address each of these issues in the analysis to follow.

### A. Standard of review

"The standard of review on appeal from a judgment entered after a non-jury trial is whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176 (2002) (internal quotation marks and citation omitted). "Upon a finding of such competent evidence, this Court is bound by the trial court's findings of fact even if there is also other evidence in the record that would sustain findings to the contrary." *Eley v. Mid/East Acceptance Corp. of N.C.*, 171 N.C. App. 368, 369, 614 S.E.2d 555, 558 (2005). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *Id.* (internal quotation marks and citation omitted).

### B. Unfair and Deceptive Practices Act

On appeal, defendants contend that the trial court erred "by failing to review all the facts associated with the claim of unfair and deceptive practices." We do not agree.

**1. Competency of the evidence**

To prevail on a claim for a violation of N.C. Gen. Stat. § 75-1.1, "a plaintiff must show (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business." *Faucette v. 6303 Carmel Rd., LLC*, 242 N.C. App. 267, 275, 775 S.E.2d 316, 323 (2015) (citation omitted). It is well established that "a landlord's trespass upon [a] leased premises, eviction of the tenant without resort to the judicial process, and conversion of the tenant's personal property constituted unfair or deceptive acts or practices in commerce within the meaning of [N.C. Gen. Stat.] § 75-1.1." *Stanley v. Moore*, 339 N.C. 717, 723, 454 S.E.2d 225, 228 (1995). And "violations of established public policy may [also] constitute unfair and deceptive practices." *Id.*

N.C. Gen. Stat. § 42-59.1 proclaims that "[t]he General Assembly recognizes that the residents of this State have the right to the peaceful, safe, and quiet enjoyment of their homes." N.C. Gen. Stat. § 42-59.1 (2023). N.C. Gen. Stat. § 42-25.6, which governs the "[m]anner of ejectment of residential tenants[,]" provides that

> [i]t is the public policy of the State of North Carolina, in order to maintain the public peace, that a residential tenant shall be evicted, dispossessed[,] or otherwise

constructively or actually removed from his dwelling unit only in accordance with the procedure prescribed in Article 3 or Article 7 of this Chapter.

*Id.* § 42-25.6. "If any lessor, landlord, or agent removes or attempts to remove a tenant from a dwelling unit in any manner contrary to this Article, the tenant shall be entitled to recover possession or to terminate his lease" and the "lessor, landlord[,] or agent shall be liable to the tenant for damages caused by the tenant's removal or attempted removal." *Id.* § 42-25.9(a).

Our Supreme Court has recognized that "the [Ejectment of Residential Tenants] Act embodies the public policy of this state, as determined by the legislature, that residential tenants not be evicted through self-help measures without resort to the judicial process." *Stanley*, 339 N.C. at 724, 454 S.E.2d at 228–29. Consequently, lessors, landlords, or agents who execute "self-help" evictions in violation of the Ejectment of Residential Tenants Act may also be liable for "a violation of the Unfair and Deceptive Practices Act, thus giving rise to an award of treble damages and attorney's fees under that Act." *Id.* at 724, 454 S.E.2d at 229.

Here, the trial court concluded that defendants had "engaged in self-help tactics in violation of [N.C. Gen. Stat.] § 42-25.9[,]" that defendants had "engage[d] in actions which violated [N.C. Gen. Stat.] § 42-59.1[,]" and that defendants "engaged in actions which were [ ] done in commerce and in violation of the Unfair and Deceptive Practices Act, [N.C. Gen. Stat.] § 75-1.1. . . ." In the order, the trial court entered

several findings of fact that were supported by competent evidence to support its

conclusions of law:

> 3. In December 2020, [d]efendant Blair, at the direction of and with the knowledge and consent of [d]efendant Broome[-]Edwards, changed the locks on the subject property.
>
> 4. On [7 December] 2020, [d]efendant Blair, at the direction of and with the knowledge and consent of [d]efendant Broome[-]Edwards, removed [plaintiff's] belongings from the premises and placed them on the curb outside of the property. At the time [d]efendants took this action[,] they were aware they had no legal right to do so.
>
> . . . .
>
> 6. On [9 December] 2020, [the trial court] entered a [t]emporary [r]estraining [o]rder requiring [d]efendants to immediately restore [p]laintiff's access to the premises and prohibiting [d]efendants from removing [p]laintiff's property from the premises. The [t]emporary [r]estraining [o]rder also prohibited [d]efendants from taking any steps to evict [p]laintiff without judicial process.
>
> 7. Defendant Broome[-]Edwards testified [that] she 'saw the [t]emporary [r]estraining [o]rder and refused to let [plaintiff] in[.]' Defendant Broome[-]Edwards further testified, 'I let [plaintiff] in because my attorney told me to or I would be in contempt[.]'
>
> 8. Defendant Blair flagrantly ignored the [m]agistrate's [j]udgment and 'laughed' when contacted by [p]laintiff's counsel regarding [plaintiff's] right to re-entry onto the subject premises and the removal of his personal belongings.
>
> 9. Defendant Bro[o]me[-]Edwards and [d]efendant Blair disobeyed [the trial court]'s [t]emporary [r]estraining [o]rder and denied [plaintiff] re-entry into the premises.

. . . .

11. [Plaintiff] testified as to the personal belongings which were placed on the curb outside of the subject premises. [Plaintiff] was able to retrieve only a portion of his belongings.

. . . .

13. Defendants Broome-Edwards and Blair intentionally and deliberately refused [p]laintiff re-entry into the premises until February of 2021.

. . . .

27. The [c]ourt makes the following findings regarding the award of treble damages:

    a. The actions of [d]efendants Broome-Edwards and Blair were done in commerce and in violation of the Unfair and Deceptive Practices Act, [N.C. Gen. Stat.] § 75-1.1.

    b. The actions of [d]efendants Broome-Edwards and Blair were willful, [and] malicious, which caused injury to [p]laintiff and his property as contemplated under 11 U.S. Code § 523(a)(6).

    c. The prohibition against treble damages in [N.C. Gen. Stat.] § 42-25.9 does not preclude recovery of treble damages and attorney's fees under the Unfair and Deceptive Practices Act, [N.C. Gen. Stat.] § 75-1.1.

After careful review, we conclude that there was competent evidence to support the trial court's findings of fact, and in turn, its conclusions of law, that defendants had engaged in self-help tactics in violation of N.C. Gen. Stat. §§ 42-25.9, -59.1, and 75-1.1. At trial, plaintiff proffered testimony and evidentiary exhibits including

- 8 -

emails, text messages, photographs, journal entries, prior court orders, and affidavits—that is, competent evidence "that a reasonable mind might accept as adequate to support the finding"—that defendants had engaged in a self-help eviction in violation of N.C. Gen. Stat. §§ 42-25.9, -59.1, and 75-1.1. *Eley*, 171 N.C. App. at 369, 614 S.E.2d at 558. "Upon a finding of such competent evidence, this Court is bound by the trial court's findings of fact[,]" *id.*, and for this reason, we conclude that the findings of fact support the conclusions of law and ensuing judgment.

**2. Allegations against plaintiff as defense to UDPA claim**

Defendants also contend that the trial court "declined to consider any evidence or permit discussion of [plaintiff]'s violent behavior, the health risks he posed, or the complaints received by [defendant] Broome-Edwards." Our careful review of the record informs us that defendants made no argument regarding plaintiff's allegedly problematic behavior at trial, and as such, this argument is deemed abandoned. *See* N.C.R. App. P. 10(a) (noting that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context").

However, assuming, *arguendo*, that defendants had presented evidence at trial regarding plaintiff's alleged behavior, these allegations are immaterial, as a plaintiff's conduct is irrelevant for purposes of a UDPA claim. *See Media Network Inc. v. Long Haymes Carr, Inc.*, 197 N.C. App. 433, 452, 678 S.E.2d 671, 684 (2009)

(holding that the plaintiff's conduct "is also irrelevant" when evaluating a UDPA claim because "the actor's conduct is of sole relevance"). Therefore, the trial court did not err in "declin[ing] to consider any evidence or permit discussion of [plaintiff]'s violent behavior, the health risks he posed, or the complaints received by [defendant] Broome-Edwards[,]" and properly disregarded considerations of plaintiff's conduct when evaluating the UDPA claim against defendants.

Again, because there is competent evidence in the record that tends to support the findings of fact, and findings of fact supported by competent evidence are binding on appeal, the trial court did not err in concluding as a matter of law that defendants had violated N.C. Gen. Stat. §§ 42-25.9, -59.1, and 75-1.1, and that plaintiff was thereby entitled to treble damages for defendants' violation of the Unfair and Deceptive Practices Act.

**C. Agent liability for defendant Blair**

Defendants also contend that "the judgment against [co-defendant] Blair must be reversed as he was never personally served with the lawsuit and has never participated in this litigation." We do not agree, as the record affirmatively shows that appellate counsel, "an attorney for [defendant] Blair [who] [was] authorized to[,] and d[id] accept service of the summons and complaint in this matter" on 5 March 2021. Therefore, this argument lacks merit.

Moreover, defendant Blair argues that "the actions in question were carried out pursuant to explicit instructions and directions of [defendant Broome-Edwards]"

and that defendant Blair is therefore "shielded from liability pursuant to the doctrine of respondeat superior." We disagree, because, as noted above, the Ejectment of Residential Tenants Act expressly holds agents liable for violations of the Act. *See* N.C. Gen. Stat. § 42-25.9(a) (mandating that "the lessor, landlord, or *agent shall be liable* to the tenant for damages caused by the tenant's removal or attempted removal") (emphasis added). Here, the trial court found that "[d]efendant Blair act[ed] at the direction of [d]efendant Broome[-]Edwards and *is her agent for the purposes of the subject property*." (emphasis added). For the aforementioned reasons, we conclude that the trial court's judgments against defendant Blair were proper.

## D. Res Judicata

Finally, defendants argue that "the trial court erred in finding that res judicata would not bar the present claims." We note that defendants did not argue that res judicata barred this claim before the trial court. Therefore, the issue is unpreserved for appellate review. *See* N.C.R. App. P. 10(a) (noting that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context").

It is well established that "the law does not permit parties to swap horses between courts in order to get a better mount" before the appellate court. *Weil v. Herring*, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934). Here, our careful "examination of the record discloses that the cause was not tried upon th[e] [res judicata] theory," *id.*,

and for this reason, we decline to address defendants' argument that res judicata would bar the present claim.

### III. Conclusion

We conclude that the trial court's conclusions of law were supported by competent evidence, that the trial court did not err in failing to consider allegations regarding plaintiff's conduct for purposes of a UDPA claim, that defendant Blair is liable as an agent of defendant Broome-Edwards, and that defendants' res judicata argument was unpreserved for appellate review. For the aforementioned reasons, the order of the trial court is affirmed.

AFFIRMED.

Judges ZACHARY and HAMPSON concur.