## W. H. HUGGINS v. T. N. WATERS.

(Filed 5 November, 1914.)

Contracts—Covenants—Parties—Misjoinder—Torts—Election—Separate Actions.

While a plaintiff, who has brought his action against two defendants, alleging as to one a breach of an implied covenant of quiet enjoyment of leased premises in respect to sewer connections, and as to the other, a tort in wrongfully stopping up the sewers running underground across his adjoining lands, must elect as to which cause of action he will prosecute, he may nevertheless take a nonsuit in that action and bring separate actions at the same time against each of the defendants for the same damages: against one for the breach of the implied covenant and against the other for the tort; but a recovery in one of these actions will preclude a recovery in the other.

APPEAL by plaintiff from *Whedbee, J.,* at March Term, 1914, of SAMPSON.

Civil action. Judgment was rendered upon the pleadings, viz.: "That this cause coming on to be heard before his Honor, H. W. Whedbee, and a jury, and being heard, and it appearing to the court that on ____ day of _____, 19__, the plaintiff instituted this action against T. N. Waters and on the same day instituted another action against F. K. Borden, and that the complaints in both actions were filed on the same day, and that both actions were brought to recover damages against each of the defendants separately for the same cause, and the court being of the opinion that the plaintiff was required to elect, in Supreme Court decision, 154 N. C., 446, which one of the defendants he would sue for the recovery of damages for said cause of action, and having sued both and failing to elect, the court is of the opinion, and so holds, that the plaintiff is not entitled to recover against the defendant T. N. Waters."

Plaintiff excepted and appealed.

*G. E. Hood, H. L. Stevens, John M. Robinson, Fowler & Crumpler for plaintiff.*
*No counsel for defendant.*

BROWN, J. We think the learned and able judge who tried this case misconceived the true purport and meaning of the judgment in *Huggins v. Waters,* 154 N. C., 444.

The only point decided in that case is that the alleged cause of action against Waters and the alleged cause of action against Borden could not be combined in the same action. The allegations of the complaint in that case, taken to be true, made out a cause of action arising *ex contractu* and based upon an implied covenant of quiet enjoyment. In

that opinion the cause of action against Waters is stated as follows: "It is alleged, and evidence offered by plaintiff tending to prove, that at the time Waters leased the hotel building to the plaintiff Huggins it was fitted up with bath tubs, sinks, and closets. The sewerage thereof was connected with a private drain pipe running through the lands of F. K. Borden, and the plaintiff had a right to believe that the lessor had good right and title to drain the sewage from the hotel through said private drain. Upon this theory, it would seem to be settled that the plaintiff has made out a cause of action against Waters, unless the latter can establish allegations of his answer that he apprised the plaintiff at the time of the lease that he had no legal right to discharge sewage through this private drain, or establish some other valid defense. The implied covenant of quiet enjoyment extends to those easements and appurtenances whose use is necessary and essential to the enjoyment of the demised premises."

The cause of action, as stated against Borden in the complaint in that case, arises *ex delicto* and not *ex contractu,* for it is alleged that "the defendant Borden maliciously, wrongfully, wantonly, and unlawfully severed and stopped up effectually the drainage aforesaid, so that the sewage from the hotel sinks, bath tubs, closets, etc., could not pass through said drain pipe and out into the basin."

. The covenant of quiet enjoyment in respect to the sewerage connections does not extend to the acts of trespassers and wrongdoers, but only those whose rights in the property covered by the lease are superior to the lessor. *Sloan v. Hart,* 150 N. C., 274; *King v. Reynolds,* 67 Ala., 233.

These two distinct causes of action, one in contract and the other in tort, against different individuals, cannot be combined in the same suit. They are inconsistent, and the one necessarily excludes the other.

When we said that an election must be made between them, we meant that if the plaintiff purposed to continue that action, he must elect between the two causes of action, and reform his complaint accordingly. Instead of doing that, he submitted to a nonsuit and commenced two separate actions; one against Waters and one against Borden, as he had a right to do. Under the principles as stated in a former opinion, the plaintiff cannot recover against both.

If he recovers in this action, it must be on the theory that Waters had no right or title to the sewerage connections, and therefore there was a breach of the implied covenant of quiet enjoyment. If he recovers against Borden, it must be on the theory that Waters had title to the said easement from Borden, and that Borden was a trespasser and wrongfully interfered with it by destroying the connections on his land.

While these causes of action may not be combined in one action, we see no reason why the plaintiff may not bring two different suits, as he has done. He probably did so to stop the running of the statute of limitations.

Reversed.