LEVINSON, Judge.
Defendants, Sole Survivor, Inc., Michael Johnson, and Sarah Johnson, appeal from an order of summary judgment entered in favor of plaintiff, Charlotte Eastland Mall (Eastland). We affirm.
The pertinent facts may be summarized as follows: Eastland is a shopping mall in Charlotte, North Carolina. On 14 February 1994 defendant Sole Survivor signed a ten year lease with Eastland for the operation of a tailoring and shoe repair business at the mall. The lease required Sole Survivor to pay monthly rent in a set amount, as well as additional rent in an amount calculated as apercentage of Sole Survivor's gross sales. Defendants Michael and Sarah Johnson also signed a separate agreement to act as sureties on the lease. In February 2002, after eight years of the ten year lease had elapsed, the defendants vacated the leased premises at Eastland, and thereafter ceased to pay rent.
On 29 October 2002 plaintiff filed suit against defendants, alleging that they had defaulted on the lease. Plaintiff sought $96,275.48 in rent owed, as well as late charges, interest, attorney's fees, and court costs. In their answer, defendants asserted as an affirmative defense that plaintiff "failed to maintain a safe environment for the corporate defendant and its customers thereby rendering the terms of the lease and any guaranty executed in this matter null and void." On 11 June 2003 plaintiff moved for summary judgment. Following a hearing, the trial court on 30 July 2003 granted summary judgment in favor of plaintiff. From this order, defendants appeal.
Standard of Review
Defendants appeal from an order for summary judgment. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing inthe action." Koontz v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). "[T]he party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact." Pembee Mfg. Corp. v. Cape Fear Constr. Co., 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). Also, "evidence presented by the parties must be viewed in the light most favorable to the non-movant." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Thus, on appeal:
It is well established that the standard of review of the grant of a motion for summary judgment requires a two-part analysis of whether, `(1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law.'
Von Viczay v. Thoms, 140 N.C. App. 737, 738, 538 S.E.2d 629, 630 (2000) (quoting Gaunt v. Pittaway, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664 (2000)).
Defendants argue that the trial court erred by granting summary judgment for plaintiffs, on the grounds that "[t]here was a material issue of fact regarding whether Plaintiff's failure to provide adequate security negated Defendants' obligation to pay rent[.]" Defendants argue that criminal incidents occurring at Eastland discouraged defendants' customers, gave the mall a bad reputation, and led to the departure of major "anchor" stores. They assert that plaintiff's failure to provide adequate securitymade their continued occupancy untenable, resulting in their "constructive eviction." Defendants further contend that plaintiff's failure to provide security was a breach of its duty to provide a "safe environment", an explicit breach of plaintiff's duties under the lease, and a breach of the implied covenant of "quiet enjoyment." On this basis, defendants assert that plaintiff's alleged breach of duty served to relieve defendants of their obligations under the lease, including their obligation to pay rent. We disagree.
In support of their argument, defendants submitted affidavits and exhibits tending to show that: (1) in July 1994 Sole Survivor was the victim of an armed robbery; (2) during the eight years defendants leased space at Eastland, the police received many reports of criminal activity at Eastland; (3) during the same time period, several businesses vacated Eastland; and (4) Eastland had been made aware of the problem of criminal activity occurring at the mall. However, the relevance of this evidence is predicated upon defendants' assertion that plaintiff owes a duty to defendants to "provide adequate security." Accordingly, we next consider defendants' various arguments on this issue.
Defendants argue first that plaintiff is required by the terms of the lease to provide security for the common areas of Eastland mall. "[T]he provisions of a lease are interpreted according to general principles of contract law." Wal-Mart Stores, Inc. v. Ingles Mkts., Inc., 158 N.C. App. 414, 418, 581 S.E.2d 111, 115 (2003) (citing Martin v. Ray Lackey Enterprises, 100 N.C. App. 349,354, 396 S.E.2d 327, 330 (1990)). "Where the language of a contract is clear, the contract must be interpreted as written. As with contracts, the rule of interpretation for leases is that a word in a lease `should be given its natural and ordinary meaning.'" Southpark Mall Ltd. Part. v. CLT Food Mgmt., Inc., 142 N.C. App. 675, 678, 544 S.E.2d 14, 16 (2001) (citing Howard v. Oakwood Homes Corp., 134 N.C. App. 116, 120, 516 S.E.2d 879, 882 (1999), and quoting Charlotte Housing Authority v. Fleming, 123 N.C. App. 511, 514, 473 S.E.2d 373, 375 (1996)). In the instant case, the section of the lease upon which defendants rely states that:
9.(d) Security. Landlord may, from time to time and to the extent it deems appropriate in its sole discretion, determine whether to supply security services in the Common Areas and additional traffic control for the Shopping Center. Notwithstanding any other provision of this Lease, Landlord shall not be liable for any loss or damages suffered by Tenant . . . by failure to supply such services[.] . . . It is specifically understood and agreed that, by supplying such services, Landlord shall not be deemed to relieve Tenant of its duty to maintain security within the Demised Premises nor of its performance of the terms, covenants and conditions of this lease.
(emphasis added). We conclude that the pertinent terms of the lease contradict defendants' argument. The lease clearly states, not that plaintiff is obligated to provide security, but that plaintiff may provide security in its sole discretion. Indeed, the lease expressly states that plaintiff "shall not be liable for any loss or damages suffered by Tenant" caused by plaintiff's "failure to supply such services." Moreover, this paragraph explicitlyprovides that plaintiff's provision of security services "shall not be deemed to relieve Tenant of its duty to maintain security within the Demised Premises nor of its performance of the terms, covenants, and conditions of this lease." We conclude that the terms of the lease fail to support defendants' claim that plaintiff owed defendants a duty to provide "adequate security."
Defendants also argue that plaintiff's failure to provide more security at Eastland was a breach of the implied covenant of "quiet enjoyment." "Under North Carolina law, . . . a lease carries an implied warranty that the tenant will have quiet and peaceable possession of the leased premises during the term of the lease[,] . . . stand[ing] for the principle that a landlord breaches the implied covenant of quiet enjoyment when he constructively evicts the tenant." K & S Enters. v. Kennedy Office Supply Co., 135 N.C. App. 260, 267, 520 S.E.2d 122, 126-27 (1999) (citations omitted). However, it is long-settled that "[t]he covenant of quiet enjoyment . . . does not extend to the acts of trespassers and wrongdoers[.]" Huggins v. Waters, 167 N.C. 197, 198, 83 S.E. 334, 334 (1914). Defendants do not cite any cases in support of the proposition that the implied covenant of quiet enjoyment imposes upon plaintiff- landlord the duty to a commercial tenant to prevent criminal acts by third parties, and we find none.
Defendants also argue that the plaintiff's failure to take measures to reduce crime at Eastland led to their "constructive eviction." This argument has no merit.
Constructive eviction occurs when an act of a landlord deprives his tenant of `thatbeneficial enjoyment of the premises to which he is entitled under his lease,' causing his tenant to abandon them. In other words, constructive eviction takes place when a landlord's breach of duty under the lease renders the premises untenable.
K & S Enters., 135 N.C. App. at 266, 520 S.E.2d at 126 (quoting Marina Food Assoc., Inc. v. Marina Restaurant, Inc., 100 N.C. App. 82, 92, 394 S.E.2d 824, 830 (1990)) (emphasis added). In the instant case, defendants have failed to show that plaintiff breached any duty under the lease.
We conclude that the terms of the lease do not require plaintiff to provide "adequate security." Nor have defendants presented any statutory or common law basis upon which to impose upon defendant landlord a duty to provide "adequate security" for the benefit of its commercial tenants. This assignment of error is overruled.
Defendants also argue that the trial court erred in its calculation of the amount of damages. However, defendants did not assign this as error, and thus have not properly preserved this issue for appellate review. "[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal[.]" N.C R. App. P. 10(a). This argument is dismissed.
For the reasons discussed above we conclude that the trial court's order for summary judgment should be
Affirmed.
Judges GEER and THORNBURG concur.
Report per Rule 30(e).