An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-948

Filed 17 June 2026

Wake County, No. 24CV025204-910

DEBBIE M. BOOKER-KING, Plaintiff,

v.

WMI CAPITAL FLATS & MAGNOLIA SQUARE, AND RALEIGH RESCUE MISSION, Defendants.

Appeal by plaintiff from order entered 12 November 2024 by Judge Paul C. Ridgeway in Wake County Superior Court and from order entered 10 January 2025 by Judge Clayton D. Somers in Wake County Superior Court. Heard in the Court of Appeals 2 June 2026.

> *Debbie M. Booker-King, plaintiff-appellant, Pro Se.*
>
> *Cranfill Sumner LLP, by Steven A. Bader and Aliyah S. Adams; and Michael Best & Friedrich LLP, by Keith E. Richardson and Destiney Parker-Thompson, for defendants-appellees.*

DILLON, Chief Judge.

Plaintiff Debbie M. Booker-King appeals the trial court's grant of Defendants WMI Capital Flats & Magnolia Square ("WMI") and Raleigh Rescue Mission's ("RRM") motions to dismiss for claims arising from Plaintiff's grievances with a WMI

apartment, WMI's service team, and RRM's social services. We affirm the trial court's grant of Defendants motions to dismiss.

## I.  Background

Plaintiff was admitted to RRM's dormitory for women and children and enrolled in social services programs provided by RRM. Following her stay with RRM, Plaintiff moved to WMI. Plaintiff alleged various issues with her stay at both RRM and WMI and stated various claims against each Defendant.

Based on various alleged occurrences with RRM and WMI, Plaintiff claimed $15 million for emotional distress, loss of housing stability, and non-specified financial losses. Plaintiff sought an additional $25 million in punitive damages. The trial court dismissed Plaintiff's claims for failure to state a claim. Plaintiff appeals.

## II.  Analysis

Plaintiff first alleges the trial court abused its discretion in denying her request to continue the hearing on WMI's motion to dismiss. A motion to continue is reviewed for an abuse of discretion. *Shankle v. Shankle*, 289 N.C. 473, 483 (1976). A trial court abuses its discretion when the decision is "so arbitrary that it could not have been the result of a reasoned decision." *N.C. State Bar v. McLaurin*, 169 N.C. App. 144, 148 (2005) (citation omitted).

Here, Plaintiff alleged before the trial court the motion to continue should be granted because the ongoing litigation was draining her finances. The trial court denied Plaintiff's motion, however, because it was untimely and the court did not find

any grounds to continue.  While the trial court *could* have granted Plaintiff's motion to continue it was not an abuse of discretion for its failure to do so.  Thus, we affirm the trial court's denial of Plaintiff's motion to continue.

Second, Plaintiff argues the trial court erred in dismissing all her claims for failure to state a claim.  We review a motion to dismiss for failure to state a claim de novo.  *Bridges v. Parrish*, 366 N.C. 539, 541 (2013).  A claim should be dismissed when the complaint lacks law or facts sufficient to support the claim.  *Mauck v. Cherry Oil Co.*, 388 N.C. 325, 332–33 (2025) (citation omitted).

Plaintiff sued Defendants under six legal theories: (1) defamation against RRM; (2) breach of fiduciary duty against RRM; (3) negligence and gross negligence against Defendants; (4) intentional infliction of emotional distress against Defendants; (5) breach of the implied covenant of quiet enjoyment against WMI; and (6) intrusion upon seclusion against WMI.

We have reviewed Plaintiff's complaint and for each of Plaintiff's claims she failed to allege sufficient specific facts supporting the claims or verifiable instances of what she alleges.  *Cf. Howell v. Cooper*, 388 N.C. 71, 73 (2025) (concluding the plaintiffs' complaint pleaded facts pursuant to relevant law to support their state constitutional claims).  Instead, Plaintiff's claims against Defendants focus on unfavorable conduct allegedly happening to her at the hands of Defendants.

For example, Plaintiff alleges WMI's failure to act when "her neighbors to her right and left . . . engaged in cyber-attacks" and "started sending fumes,

unidentifiable into her apartment" amounts to a violation of the implied covenant of quiet enjoyment. "[A] lease carries an implied warranty that [a] tenant will have quiet and peaceable possession." *K & S Enterprises v. Kennedy Office Supply Co., Inc.*, 135 N.C. App. 260, 267 (1999). This implied warranty, however, does not apply "to the acts of trespassers and wrongdoers[.]" *Huggins v. Waters*, 167 N.C. 197, 198 (1914).

Here, Plaintiff's complaint attributes the cyber-attacks and fumes *to her apartment neighbors*, not WMI. Thus, even assuming it is true Plaintiff's neighbors sent cyber-attacks and fumes into her apartment, there is no claim for a breach of the implied covenant of quiet enjoyment because Plaintiff's allegations are not directed at any action WMI took in violation of Plaintiff's possession of her apartment.

Similar factual and legal omissions occur throughout Plaintiff's complaint for each of the remaining five claims against Defendants. Thus, the trial court did not err in granting Defendants' motions to dismiss.

## III.    Conclusion

We affirm the trial court's grant of Defendants' motions to dismiss and denial of Plaintiff's motion to continue.

AFFIRMED.

Judges ZACHARY and HAMPSON concur.

Report per Rule 30(e).